UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

SHANON D. BREEDLOVE,           )
                               )   Civil Action No. 6: 06-32-DCR
        Plaintiff,             )
                               )
V.                             )
                               )
LARRY HUFFMAN and ROGER GIBBS, )   **MEMORANDUM OPINION**
                               )   **AND ORDER**
        Defendants.            )

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Shanon D. Breedlove is a pretrial detainee confined in the Laurel County Detention Center in London, Kentucky, awaiting trial on unspecified criminal charges. Proceeding *pro se*, he has filed a complaint pursuant to 42 U.S.C. §1983. [Record No. 1] He has also filed a motion to proceed *in forma pauperis* [Record No. 4], which will be addressed by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because this is a *pro se* complaint, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action:  (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

**DISCUSSION**

In his Complaint, Breedlove alleges that Defendant Huffman, a public defender assigned to prepare his defense against unspecified criminal charges,

1. told him that if he was convicted it would be money well spent;

2. contacted the victim in the case;

3. has not properly talked to Breedlove in order to prepare his case for trial; and

4. failed to talk with the prosecutor about a plea agreement after assuring Breedlove that he would so.

Breedlove further alleges that Defendant Gibbs, Huffman's supervisor, has failed to ensure that public defenders under his supervision adequately represent their clients.

While Breedlove does not specifically identify what constitutional provisions or federal rights are violated by the defendants' alleged conduct, the Court construes his claims to assert that his trial counsel is or will be constitutionally ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984).

Breedlove's complaint will be dismissed as prematurely filed. As the Sixth Circuit Court of Appeals has held:

> In general, a state prisoner does not state a cognizable claim under §1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Schilling v. White,* 58 F.3d 1081, 1085-86 (6th Cir.1995). Moreover, "the concerns of *Heck* apply pre-conviction as well as post-conviction." *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 398 (6th Cir.1999). Thus, "*Heck* precludes §1983 claims relating to pending charges when a judgment in favor of the plaintiff

would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir.1999).

Reese's §1983 action is barred by *Heck.* Reese alleged that he was denied a speedy trial and the effective assistance of counsel while being held in a county jail on pending drug charges. The district court emphasized Reese's speedy trial claim, while on appeal Reese emphasizes the alleged ineffectiveness of his appointed attorneys. Reese's claims are barred in any event because a judgment in his favor would necessarily imply the invalidity of any conviction or sentence that might result from the pending charges. *See Beck,* 195 F.3d at 557. Reese can bring a §1983 claim only if the charges against him are dismissed, or if he is convicted and has the conviction set aside. Until that time, any §1983 action is premature.

*Reese v. Gorcyca*, 55 Fed.Appx. 348, 350 (6th Cir. 2003). Because the claims raised in Breedlove's complaint would, if proven, "necessarily demonstrate[s] the invalidity of [her] conviction," Plaintiff's cause of action, if any might exist, has yet to accrue. *Heck v. Humphrey*, 512 U.S. 477, 486-90 (1994) (any claim that would invalidate the plaintiff's conviction does not accrue until the conviction is overturned on direct appeal or invalidated on collateral attack). His Complaint must therefore be dismissed as premature. *See Shamaeizadeh v. Cunigan,* 182 F.3d 391, 397-98 (6th Cir. 1999); *Alvarez-Machain v. United States,* 107 F.3d 696, 700-01 (9th Cir.1996); *Hamilton v. Lyons,* 74 F.3d 99, 102-03 (5th Cir.1996) (applying *Heck* to suit filed by pretrial detainee).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  This action is **DISMISSED**, without prejudice.

(2)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 5th day of April, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge